Stephanie R. Tatar (#237792)
Tatar Law Firm, APC
3500 West Olive Ave., #300
Burbank, CA 91505
Tel: (323) 744-1146
Facsimie: (888) 778-5695
*Stephanie@TheTatarLawFirm.Com*

*Attorneys for Plaintiff Piers Blewitt
And the classes*

Additional attorneys on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERS BLEWITT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC.<br><br>Defendant. | Case No. 3:17-cv-1275<br><br>**CLASS ACTION COMPLAINT** |

## PRELIMINARY STATEMENTS

1. Plaintiff Piers Blewitt ("Plaintiff") brings this class action against National Consumer Telecom & Utilities Exchange, Inc. ("NCTUE"), a consumer reporting agency. This action is based on NCTUE's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x (FCRA) and the California Consumer

1

Credit Reporting Agencies Act, (CCRAA), CAL. CIV. CODE §§ 1785.1 *et seq*. NCTUE routinely violates the rights of consumers who notify it that they dispute the accuracy of information in NCTUE's files.

2. The FCRA was enacted to insure that consumer reporting is conducted "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information." 15 U.S.C. § 1681(b). An essential component of assuring that credit reports are accurate is the provision providing consumers the right to dispute the accuracy of information being reported, and the procedures that a consumer reporting agency such as NCTUE must follow upon notice of a dispute. These include the requirement that NCTUE conduct a reinvestigation to determine if the disputed information is accurate, and may only continue to report the information if it verifies its accuracy. 15 U.S.C. § 1681i(a). NCTUE must also provide the consumer with written results of its reinvestigation, a consumer report that is based on the consumer's file as revised as a result of the reinvestigation, and notice of certain rights of the consumer. 15 U.S.C. § 1681i(a)(6).

3. The CCRAA contains provisions similar to the FCRA, requiring that NCTUE reinvestigate consumers disputes, and send consumers written notice of the results of reinvestigations, along with other information. CCRAA, § 1785.16. This action involves the systematic violation of these state and federal statutory requirements.

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Piers Blewitt is an adult individual who resides in the Northern District of California.

7. NCTUE is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and a consumer credit reporting agency as defined by the CCRAA, § 1785.3(d).

## FACTUAL ALLEGATIONS

8. NCTUE describes itself as "a membership of companies that provide services (telecommunication, pay TV and utilities) and report and share data relative to their customers' accounts," including payment and account history. http://www.nctue.com/about.

9. NCTUE maintains a database of consumer data and sells it to member companies in order to evaluate customers' eligibility for services. see http://www.nctue.com/member_benefits.

10. NCTUE holds itself out as a "consumer reporting agency that maintains data such as payment and account history, reported by telecommunication, pay TV and utility service providers that are members of NCTUE." see http://www.nctue.com/about.

11. The FCRA requires that if a consumer notifies a consumer reporting agency ("CRA") that the consumer disputes the accuracy of any item of information in the consumer's file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine if the disputed information is accurate…." 15 U.S.C. § 1681i(a)(1)(A). The reinvestigation must be completed within 30 days of the receipt of the dispute. 15 U.S.C. § 1681i(a)(1)(A).

12. The FCRA requires that if, after any reinvestigation, the disputed item is found to be inaccurate or incomplete, or cannot be verified, the CRA must

promptly delete the item of information from the file, or modify the item, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5)(A).

13.   The FCRA also requires that the CRA provide written notice to the consumer of the results of a reinvestigation not later than 5 business days after the completion of the reinvestigation. 15 U.S.C. § 1681i(a)(6)(A). In addition to the notice of the results, the CRA must also provide to the consumer in writing: (i) a statement that the reinvestigation is completed; (ii) a consumer report that is based on the consumer's file as revised as a result of the reinvestigation; (iii) a notice that if the consumer requests, the CRA shall provide a description of the procedure used to determine the accuracy or completeness of the information, and the business name and address of any of information contacted in connection with such information; (iv) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and (v) a notice that the consumer has a right to request notifications to persons who received the consumer's report if information has been deleted. 15 U.S.C. § 1681i(a)(6)(B).

14.   The CCRAA contains provisions that are almost identical to those in the FCRA, which require a CRA to reinvestigate to determine if disputed information is accurate, to delete or correct information that is found to be inaccurate or that cannot be verified, and to send the consumer written notice of the results of the reinvestigation along with a revised consumer report and a notice of other rights of the consumer. CCRAA, § 1785.16(a), (b) and (d).

15.   Nevertheless, despite the clear mandates of FCRA § 1681i(a) and CCRAA § 1785.16, NCTUE routinely fails to reinvestigate disputed information, delete or correct information that is not verified as accurate, and provide consumers

who dispute information with written notice of the results of reinvestigations and the other information to which they are entitled under these statutes.

16. Plaintiff obtained his consumer report from NCTUE dated February 24, 2015. NCTUE was reporting inaccurate information on an account with Comcast Atlanta #CS822017676036* ("account #CS822017676036*"), stating that the account had been delinquent, was unpaid and had a current balance of $6.29. None of that was true. The account had never been delinquent, it had been paid in full, and there was no balance owing.

17. Plaintiff sent a letter to NCTUE, dated March 10, 2015, in which he disputed its reporting of account #CS822017676036*, informing NCTUE that he had never been delinquent on the account and that it was paid in full. He asked NCTUE to investigate and expunge the derogatory comments on his NCTUE report, and to send him confirmation of the deletion and an updated report.

18. The dispute letter was sent by certified mail to the address on the NCTUE report that NCTUE said should be used to dispute information on the report. The dispute letter was received on March 24, 2015.

19. Despite the clear requirements of the FCRA and the CCRAA, NCTUE did not reinvestigate the disputed information.

20. Despite the clear requirement of the FCRA and the CCRAA, NCTUE did not delete or correct the disputed information.

21. Despite the clear requirement of the FCRA and the CCRAA, NCTUE did not provide any results of reinvestigation to Plaintiff.

22. These violations of the FCRA and CCRAA caused inaccurate, derogatory and harmful information to remain on Plaintiff's consumer report, and deprived him of accurate information in his credit file with NCTUE which he is entitled to under the FCRA and CCRAA.

23. Plaintiff obtained his consumer report from NCTUE dated August 15, 2015. NCTUE continued to report the inaccurate information that Plaintiff previously disputed to NCTUE, including that account #CS822017676036* had been delinquent, was unpaid and had a current balance of $6.29. The fact that the disputed account information was exactly the same as it had been prior to Plaintiff's dispute shows that NCTUE had not reinvestigated the information, and had not deleted or corrected the disputed information.

24. Plaintiff sent a letter to NCTUE dated August 28, 2015, in which he again disputed its reporting of account #CS822017676036*. He stated that he had sent a dispute letter dated March 10, 2015 and had not received a reply. He again disputed the balance due and the delinquency. He informed NCTUE that he was never delinquent and there was never an unpaid final bill. He asked NCTUE to investigate and expunge the derogatory comments on his NCTUE report, and to send him confirmation of the deletion and an updated report.

25. The dispute letter was sent by certified mail to the address on the NCTUE report that NCTUE said should be used to dispute information on the report. The dispute letter was received on August 29, 2015.

26. NCTUE again failed to reinvestigate the disputed information, delete or correct the disputed information, or provide any results of reinvestigation to Plaintiff. These violations of the FCRA and CCRAA caused inaccurate, derogatory and harmful information to remain on Plaintiff's consumer report, and deprived him of information which he is entitled to under the FCRA and CCRAA.

27. NCTUE fails, as a matter of policy and practice, to reinvestigate disputed information, delete or correct disputed information, or provide consumers with written results of reinvestigations, as required by the FCRA § 1681i(a)(1), (5) and (6)(A) and CCRAA§ 1785.16(a), (b) and (d).

CLASS ACTION COMPLAINT
AND JURY DEMAND

28.     Moreover, and in violation of FCRA § 1681i(a)(6)(B) and CCRAA § 1785.16(d), NCTUE fails to provide consumers with a revised consumer report or notice of the other rights belonging to the consumer.

29.     NCTUE's practices not only violate the FCRA and CCRAA as a matter of law, they exact serious consequences on consumers, including Plaintiff, and interstate commerce by producing consumer reports with inaccurate, derogatory and harmful information, and denying consumers valuable information to which they are entitled by law, including the results of reinvestigations, whether inaccurate information has been deleted or corrected, and the contents of their consumer reports.

## **CLASS ACTION ALLEGATIONS**

30.     Plaintiff brings this action on behalf of the following Classes and subclasses.

For violations of the FCRA:

a. All persons residing within the United States and its Territories who, within five years prior to the filing of this action and continuing through the conclusion this action, notified NCTUE of a dispute as to the accuracy or completeness of information, and for whom NCTUE did not reinvestigate the disputed information, delete or correct the disputed information, or to whom NCTUE did not provide written notice of the results of reinvestigations and the information required by the FCRA. Excluded from the class is all disputes that were determined to be frivolous and for which the consumer was notified by NCTUE within 5 days of the frivolity determination. Also excluded from the class are class counsel, any persons employed at the law firms of class counsel or

any judicial officers assigned to the case, and any such person's immediate family.

b. All persons residing within the United States and its Territories who, within two years prior to the filing of this action and continuing through the conclusion this action, notified NCTUE of a dispute as to the accuracy or completeness of information, and for whom NCTUE did not reinvestigate the disputed information, delete or correct the disputed information, or to whom NCTUE did not provide written notice of the results of reinvestigations and the information required by the FCRA. Excluded from the class is all disputes that were determined to be frivolous and for which the consumer was notified by NCTUE within 5 days of the frivolity determination. Also excluded from the class are class counsel, any persons employed at the law firms of class counsel or any judicial officers assigned to the case, and any such person's immediate family.

For violations of the CCRAA:

a. All persons residing within the United States and its Territories who, within seven years prior to the filing of this action and continuing through the conclusion of this action, notified NCTUE of a dispute as to the accuracy or completeness of information, and for whom NCTUE did not reinvestigate disputed information, delete or correct disputed information, or to whom NCTUE did not provide written notice of the results of reinvestigations and the information required by the CCRAA. Excluded from the class are class counsel, any persons employed at the law firms of class counsel,or any judicial officers assigned to the case, and any such person's immediate family.

      b. All persons residing within the United States and its Territories who, within two years prior to the filing of this action and continuing through the conclusion of this action, notified NCTUE of a dispute as to the accuracy or completeness of information, and for whom NCTUE did not reinvestigate disputed information, delete or correct disputed information, or to whom NCTUE did not provide written notice of the results of reinvestigations and the information required by the CCRAA. Excluded from the class are class counsel, any persons employed at the law firms of class counsel, or any judicial officers assigned to the case, and any such person's immediate family.

31. The classes are so numerous that joinder of all members is impracticable. Plaintiff avers upon information and belief that the classes number in the thousands. Information concerning the exact size of the classes is within the exclusive possession of NCTUE.

32. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The common legal and factual questions include, among others:

      a. whether as a matter of common practice, NCTUE fails to conduct reinvestigations of disputed information, or alternatively delete such information in the timeframes required by the FCRA and CCRAA.

      b. whether NCTUE violated section 1681i(a)(6)(A) of the FCRA by failing to provide consumers with written notice of the results of reinvestigations;

      c. whether NCTUE violated section 1681i(a)(6)(B) of the FCRA by failing to provide consumers with the information required under section 1681i(a)(6)(B);

      d. whether the violations of the FCRA were willful;

      e. whether the violations of the FCRA were negligent;

      f. whether NCTUE violated section 1785.16(d) of the CCRAA by failing to provide consumers with written notice of the results of reinvestigations;

      g. whether NCTUE violated section 1785.16(d) of the CCRAA by failing to provide consumers with the information required under section 1785.16(d);

      h. whether the violations of the CCRAA were willful; and

      i. whether the violations of the CCRAA were negligent.

33. Plaintiff's claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

34. Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

35. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff is committed to vigorously litigating this matter. Plaintiff's interest is aligned with, and is not antagonistic to, the interests of the members of the classes he seeks to represent. Plaintiff has retained counsel experienced in handling consumer class action litigation, and they intend to prosecute this action vigorously. Plaintiffs and their Counsel will fairly and adequately protect the interests of members of the Classes.

36. A class action is a superior method for fair and efficient adjudication of this controversy. Common questions of law and fact predominate over questions affecting only individual class members. Management of the class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for

the parties opposing the class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. In addition, individualized litigation would increase the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by NCTUE's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## COUNT I - CLASS CLAIM
## VIOLATION OF THE FCRA § 1681i(a)

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. NCTUE willfully and/or negligently failed to comply with the FCRA by engaging in the following conduct:

    a. failing to conduct a reinvestigation of the information disputed by the Plaintiff, or alternatively delete it, after being notified of the dispute;

    b. failing to provide consumers with written notice of results of reinvestigations, in violation of 15 U.S.C. § 1681i(a)(6)(A); and

    c. failing to provide consumers with the information required under FCRA, § 1681i(a)(6)(B), in violation of 15 U.S.C. § 1681i(a)(6)(B).

39. Pursuant to sections 1681n and 1681o of the FCRA, NCTUE is liable to Plaintiff and all Class members for its failure to comply with the FCRA, in an amount equal to the sum of:

    a. actual damages,

11

b. damages of not less than $100 and not more than $1,000 per violation for each Class member,

c. punitive damages,

d. attorney fees, and

e. costs.

## COUNT II – CLASS CLAIM

## VIOLATION OF THE CCRAA § 1785.16

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. NCTUE willfully and/or negligently violated the CCRAA by engaging in the following conduct:

a. failing to conduct a reinvestigation of the information disputed by the Plaintiff, or alternatively delete it, after being notified of the dispute;

b. failing to provide consumers with written notice of results of reinvestigations, in violation of CCRAA § 1785.16(d)

c. failing to provide consumers with the information required under CCRAA, § 1785.16(d)(1) through (8), in violation of CCRAA § 1785.16(d).

42. Pursuant to section 1785.31 of the CCRAA, NCTUE is liable to Plaintiff and all Class members for its failure to comply with the CCRAA, in an amount equal to the sum of:

a. actual damages,

b. punitive damages of not less than $100 and not more than $5,000 per violation for each Class member,

c. injunctive relief,

d. attorney fees, and

e. costs.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against NCTUE for himself and for the Class members as follows:

On Count One:

    (a) An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

    (b) Actual damages;

    (c) Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member;

    (d) Punitive damages in an amount to be determined by the jury;

    (e) Attorney fees and costs; and

    (f) Such other relief as may be just and proper.

On Count Two:

    (a) An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

    (b) An order enjoining NCTUE's conduct in violation of the CCRAA;

    (c) Actual damages;

    (d) Punitive damages of not less than $100 and not more than $5,000 per violation per Class member;

  (e)  Attorney fees and costs; and

  (f)  Such other relief as may be just and proper.

Dated: March 10, 2017

**TATAR LAW FIRM, APC**

By: /s/Stephanie R. Tatar
   Stephanie R. Tatar (237792)
   **TATAR LAW FIRM, APC**
   3500 West Olive Avenue
   Suite 300
   Burbank, CA 91505
   Telephone: (323) 744-1146
   Facsimile: (888) 778-5695

   **FRANCIS & MAILMAN, P.C.**
   James A. Francis (*pro hac vice* forthcoming)
   John Soumilas (*pro hac vice* forthcoming)
   Land Title Building, 19th Floor
   100 South Broad Street
   Philadelphia, PA 19110
   Telephone: (215) 735-8600
   Facsimile:   (215) 940-8000
   *jfrancis@consumerlawfirm.com*
   *jsoumilas@consumerlawfirm.com*

**Robert S. Sola, P.C.**
Robert S. Sola (*pro hac vice* forthcoming)
1500 SW First Avenue
Suite 800
Portland OR 97201
Telephone: (503) 295-6880
Facsimile:(503) 243-4546
*rssola@msn.com*

**Skaar & Feagle, LLP**
James M. Feagle, Esq. (*pro hac vice* forthcoming)
2374 Main Street, Suite B
Tucker, GA 30084
(404) 373-1970
(404) 601-1855 fax
jfeagle@skaarandfeagle.com

*Attorneys for Plaintiff and the Classes*